IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>THE PLAZA RESORT AT PALMAS, INC.,<br><br>**Debtor.** | |
| SCOTIABANK DE PUERTO RICO,<br><br>**Plaintiff**,<br><br>v.<br><br>PERIMETRO PROPERTIES, INC.,<br><br>**Defendant.** | **Civil No.** 12-1457 (FAB) |

**MEMORANDUM AND ORDER**[1]

Before the Court is defendant Perimetro Properties, Inc.'s ("defendant Perimetro") motion to reconsider the Court's Opinion and Order dated March 5, 2013, (Docket No. 14), which denied defendant Perimetro's request for the Court to withdraw its reference to the bankruptcy court. (Docket No. 17.) Defendant Perimetro's motion is hereby **DENIED**.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On November 20, 2011, The Plaza Resort at Palmas, Inc. ("Debtor") filed a bankruptcy petition pursuant to Chapter 11 of the Bankruptcy Code ("Chapter 11"). Complaint, Scotiabank de Puerto Rico v. Perimetro Properties, Inc. (*In re* The Plaza Resort

---

[1] Katherine Hedges, a second-year student at the University of New Hampshire School of Law, assisted in the preparation of this Opinion and Order.

Civil No. 12-1457 (FAB)                                                2

at Palmas, Inc.), No. 11-149 at p. 2 (Bankr. D.P.R. filed Nov. 18, 2011).[2]  When it filed bankruptcy, Debtor listed its timeshare owners as secured creditors in Schedule D of its petition.  Id. Plaintiff Scotiabank de Puerto Rico ("plaintiff Scotiabank")[3] objected to Debtor listing the timeshare owners as secured creditors.  Id. at pp. 2-3.  Defendant Perimetro is one of three groups of timeshare owners that Debtor asserts are secured creditors.  Id. at 4.

On November 18, 2011, plaintiff Scotiabank filed an adversary proceeding in bankruptcy court, requesting a declaratory judgment that defendant Perimetro "is not a secured creditor and may not benefit from the 'subordination clause' in [Mortgage] Deed No. 9." Id. at p. 2.  Following a number of motions in the bankruptcy court that are not relevant to the matter before the Court, defendant Perimetro filed a request for withdrawal of the reference on June 8, 2012, which was submitted to the Court on June 12, 2012. (Docket No. 1.)  On March 5, 2013, the Court issued an Opinion and Order declining to withdraw the reference to the bankruptcy court. (Docket No. 14.)  On April 2, 2013, defendant Perimetro submitted a motion requesting the Court to reconsider.  (Docket No. 17.)

---

[2] Hereinafter "Bankr. Adv. Proc. 11-249."

[3] R-G Premier Bank of Puerto Rico originally filed the claim, but plaintiff Scotiabank subsequently acquired the claim. (Bankr. Adv. Proc. 11-249 at Docket No. 1 at p. 2.)

Civil No. 12-1457 (FAB)                                                3

## II.   LEGAL STANDARD

"A motion for reconsideration is treated as a motion under Rule 59(e) of the Federal Rules of Civil Procedure." Rosario Rivera v. PS Group of P.R., Inc., 186 F.Supp.2d 63, 65 (D.P.R. 2002). Pursuant to Fed.R.Civ.P. 59(e) ("Rule 59(e)")[4], "the moving party 'must either clearly establish a manifest error of law or must present newly discovered evidence'" in order to prevail. Markel Am. Ins. Co. v. Diaz-Santiago, 674 F.3d 21, 32 (1st Cir. 2012) (quoting F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)); see also Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (recognizing that four reasons for granting a Rule 59(e) motion are: "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law.") (internal citation omitted)).  It is inappropriate to use a Rule 59(e) motion "to repeat old arguments previously considered and rejected." Hoffman v. Mercado, No. Civ. 02-2561 (DRD), 2006 WL 940682, at *1 (D.P.R. 2006) (quoting Nat'l. Metal Finishing Co., Inc. v. Barclays American/Commercial, Inc., 889 F.2d 119, 123 (1st Cir. 1990)).  It is also inappropriate to raise new arguments, "if such arguments 'could, and should, have been made before judgment

---

[4] Rule 59(e) provides a mechanism for parties to ask the Court to reconsider its judgment.  Fed.R.Civ.P. 59(e).

Civil No. 12-1457 (FAB)                                                    4

issued." Markel Am. Ins. Co., 674 F.3d at 32 (quoting ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008)).

### III. DISCUSSION

Defendant Perimetro argues that the Court erred when it declined to withdraw its reference to the bankruptcy court because plaintiff Scotiabank's claims are based on Commonwealth law rather than the Federal Bankruptcy Code.  (Docket No. 14.)  Defendant Perimetro reiterates its earlier argument that Stern v. Marshall, 131 S.Ct. 2594 (2011), instructs that bankruptcy courts cannot decide any state or Commonwealth claims.  Id. at pp. 1 & 3-8. Defendant Perimetro also argues that plaintiff Scotiabank's complaint is premature because its appeal of a decision regarding another group of Debtor's timeshare holders to the First Circuit Court of Appeals has not been decided and because Debtor has not yet filed a reorganization plan.  Id. at p. 3.

Defendant Perimetro's motion for reconsideration, however, "repeat[s] old arguments previously considered and rejected." See Hoffman, 2006 WL 940682, at *1 (quoting Nat'l. Metal Finishing Co., Inc., 889 F.2d at 123).  In its March 5, 2013 Opinion and Order, the Court addressed defendant Perimetro's contentions that resolving plaintiff Scotiabank's claims would require interpreting Commonwealth law.  (Docket No. 14 at pp. 8-10.)  The bankruptcy court can consider the Commonwealth claims because the relief plaintiff Scotiabank requests directly impacts Debtor's bankruptcy

because it seeks to have defendant Perimetro removed from Debtor's list of secured creditors on Schedule D. (Bankr. Adv. Proc. 11-249 at Docket No. 1 at p. 3-4.) The Court also found that Stern v. Marshall is inapplicable to this case. (Docket No. 14 at pp. 12-13.)

Finally, the Court finds defendant Perimetro's argument that plaintiff Scotiabank's complaint is premature unavailing. Defendant Perimetro failed to provide any support for these arguments. "Judges are not mind-readers, so parties must spell out their issues clearly, highlighting the relevant facts and analyzing on-point authority." Rodriguez v. Municipality of San Juan, 659 F.3d 168, 175 (1st Cir. 2011.) Furthermore, these arguments are better suited for a motion to stay proceedings, which can be addressed before the bankruptcy court.[5] While the First Circuit Court of Appeals' forthcoming decision regarding another group of Debtor's timeshare holders may be informative to this case, plaintiff Scotiabank is not barred from bringing its claims against this defendant. Additionally, although Debtor's reorganization plan is not yet due, resolving this dispute could prevent delays in implementation, which could result from waiting to address the

---

[5] Plaintiff Scotiabank filed a motion to stay proceedings before this Court. (Docket No. 10.) Because the Court has denied the motion for withdrawal of reference, the motions and arguments contained in the motion to stay will be addressed by the bankruptcy court.

Civil No. 12-1457 (FAB)                                                6
_____

priority of lienholders until after Debtor submits its reorganization plan.

**IV. CONCLUSION**

Defendant Perimetro's motion for consideration fails to present new evidence or establish a manifest error of law.  Because plaintiff Scotiabank rely on arguments that were raised previously, the motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, April 25, 2013.

                                              s/ Francisco A. Besosa
                                              FRANCISCO A. BESOSA
                                              UNITED STATES DISTRICT JUDGE